DISCIPLINARY PROCEEDINGS
liPER CURIAM. *
This disciplinary proceeding arises from one count of formal charges filed against respondent, Randy D. Elkins, by the Office of Disciplinary Counsel (“ODC”), alleging that he engaged in the unauthorized practice of law in violation of Rule 5.5 of the Rules of Professional Conduct when he initiated plea negotiations with the district attorney’s office, while he was under suspension and acting as a paralegal, knowing such negotiations were traditionally performed by licensed attorneys.
A review of the underlying facts indicates that on September 23, 1994, this court suspended respondent for thirty months from the practice of law for convictions on three counts of willfully and knowingly making false statements to a bank for the purposes of influencing a loan decision. The suspension was made retroactive to September 21, 1992, the date of respondent’s interim suspension. In re Elkins, 94-2070 (La.9/23/94), 644 So.2d 189.
After his suspension, respondent, who had previously practiced criminal law, was hired as a paralegal by Jack Montgomery, an attorney whose practice involved banking law. On or about August 26, 1994, respondent contacted the Webster Parish District Attorney’s Office regarding a pending criminal *212 matter, State v. Randy McEachern, involving third offense DWI and expired inspection sticker charges. He spoke with Assistant District Attorney Louis Minifield about the case. On or about December 16, 1994, respondent again contacted Minifield concerning another criminal case, State v. Stephen Harris, which dealt with possession of marijuana, simple obstruction of a highway, and driving without a license. Although the testimony is conflicting regarding the substance of the conversation of the two phone calls, the record indicates that respondent asked questions such as: (1) what were |2the defendants charged with, (2) when were they suppose to go to court, and (3) would they be allowed to plead to only one of the charges or to a lesser charge. Minifield later testified that at the time of the phone calls, he was aware that respondent was suspended and employed by Montgomery as a paralegal. He indicated that as to the McEachem matter, he instructed respondent to inform Montgomery that he would accept a plea of DWI, second offense. As to the Harris matter, he instructed respondent to inform Montgomery that he would accept a plea of possession of marijuana and drop the other charges. He testified Montgomery later appeared in court on behalf of the two criminal defendants and entered pleas under these terms.
After a formal hearing, the hearing committee rendered its findings, concluding that the ODC failed to prove by clear and convincing evidence that respondent engaged in the unauthorized practice of law. As guidance, it utilized La. R.S. 37:212, which defined the unauthorized practice of law. The committee determined the ODC failed to prove that respondent appeared in a representative capacity on behalf of the defendants, or that he received any consideration, reward or pecuniary benefit as a result of representing the defendants.
The disciplinary board filed its recommendation with this court concurring in the decision of the hearing committee recommending dismissal of the charges. One member of the board dissented and would have imposed a one year suspension.
The ODC filed an objection in this court to the board’s recommendation, alleging that the board applied the incorrect standard of review. It proposed that respondent’s suspension be extended for a period of at least one year.
We recognize that the unauthorized practice of law by suspended or disbarred lawyers is a serious breach of ethical rules which should be dealt with harshly. Nevertheless, based on our review of the record, we agree with the findings of the hearing committee and the disciplinary board that the ODC failed to prove the charges by clear and convincing evidence. Given the evidence | ^presented, it does not appear that respondent opened plea negotiations with the district attorney’s office, nor did he engage in any other acts which only a licensed attorney could perform. Rather, it seems that respondent’s calls to the district attorney’s office were made for the purpose of gathering information for Montgomery, a function which could have been performed by a paralegal or legal secretary. The testimony of Montgomery and the criminal defendants could have shed light on whether respondent’s conduct crossed the line from information gathering to the practicing of law; however, these witnesses were not called by the ODC. On the basis of this record, therefore, we conclude that a violation of Rule 5.5 of the Rules of Professional Conduct has not been proven by clear and convincing evidence.

DECREE

Upon review of the hearing committee and disciplinary board findings and recommendations, and considering the record, briefs, and oral argument, it is the decision of this court that the recommendation of the disciplinary board be accepted.
Accordingly, it is ordered that the charge against respondent, Randy D. Elkins, be dismissed.

 Traylor, J. not on panel. Rule IV, Part 2, § 3.